IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID OSTEEN, §<br>    #126045144, §<br>        PLAINTIFF, §<br>§<br>V. §<br>§<br>JONATAN WHITE, ET AL., §<br>        DEFENDANTS. § | CIVIL CASE NO. 3:25-CV-2998-S-BK |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the entry of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**I. BACKGROUND**

On November 4, 2025, Plaintiff David Osteen, an inmate at the Johnson County Jail, filed a complaint against his uncle, Richard Osteen (Richard), and Jonatan White, a Burleson police officer. Doc. 3 at 2. At most, the complaint is inartfully pled and difficult to decipher.

As best the Court can glean, Osteen alleges that Richard withheld information about his inheritance and orchestrated a scheme to use his personal information to steal his identity and inheritance. Doc. 3 at 2, 6. Osteen asserts that he is the legal beneficiary of gas wells and other properties that his grandparents owned, including stocks, bonds, precious metals, and bank and investment accounts. Doc. 3 at 6. Osteen further alleges that when his grandparents died in

2016 or 2017, their death was not reported and Richard continued to collect royalties on their gas wells.  Doc. 3 at 6.  Although Osteen filed many police reports, he asserts Officer White refused to investigate.  Doc. 3 at 7.  Osteen asks this Court to expose the crimes, restore his inheritance, and compensate him "civilly under tort law."  Doc. 3 at 4.

## II. ANALYSIS

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction.  *The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Unless otherwise provided by statute, a federal district court has subject-matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case in which there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.  "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'"  *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).  Further, the plaintiff, as the party asserting subject-matter jurisdiction, bears the burden of establishing that subject matter jurisdiction exists.  *See Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

The Court must also liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e)

("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Osteen has not alleged facts that establish federal question or diversity jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). Osteen's complaint, however, contains no factual allegations that support federal question jurisdiction. He alleges only tort claims and matters related to his inheritance, which are typically actionable under state law.

While Osteen filed his complaint on the prisoner civil rights complaint form, he does not allege a violation of his civil rights. Doc. 3. That notwithstanding, the mere mention of federal jurisdiction or bare assertion of a federal claim is not enough to obtain federal question jurisdiction. Indeed, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit . . . ." *Hagans v. Levine*, 415 U.S. 528, 536-37 (1974) (internal citation and quotation marks omitted); *see Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980) ("[T]he assertion that the claim involves [a federal] question must be more than incantation.").

Further, to the extent Osteen seeks to allege criminal law violations, his request has no legal basis. His assertions of criminal law violations cannot support a federal cause of action because criminal statutes do not create a private right of action. For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M.*, 503 U.S.

347, 363 (1992) (concluding that the party seeking to imply a private right of action bears the burden to show that Congress intended to create one). However, Osteen has pled nothing that would even come close to meeting that burden. Moreover, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [the plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005).

Additionally, Osteen's complaint, including his claim that Defendants are located in Texas (and, thus, presumably citizens of this state), defeats subject-matter jurisdiction based on diversity. Doc. 3 at 2. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (finding district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted).

Finally, because the complaint does not present an adequate basis for federal question jurisdiction, and Osteen cannot rely on diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over any possible state-law claims that he may be attempting to assert. 28 U.S.C. § 1367(a).

Accordingly, the complaint should be dismissed *sua sponte* and without prejudice for lack of subject matter jurisdiction.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pleaded his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As demonstrated above, the facts as alleged in Osteen's complaint show a lack of subject matter jurisdiction in this Court that is not curable by

amendment. Thus, the Court concludes that Osteen has already pleaded his best case and granting further leave to amend would be futile and cause needless delay.[1]

### IV. CONCLUSION

For all these reasons, Osteen's complaint should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on November 17, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).

---

[1] Notwithstanding these findings, the 14-day objection period will permit Osteen to assert any facts/claims that can support subject matter jurisdiction under the factual scenario he alleges.